*1013 OPINION.
Siefkin:
The sole question to be decided in this proceeding is whether the respondent erred in disallowing as a deduction from the gross estate the amount of $520,783.50 claimed by the petitioners on the return as commissions of executors.
*1014 Section 408 of the Revenue Act of 1921 provides:
That for the purpose of the tax the value of the net estate shall be determined—
(a) In the case of a resident, by deducting from the value of the gross estate—
(1) Such amounts for funeral expenses, administration expenses, claims against the estate, unpaid mortgages upon, or any indebtedness in respect to, property (except in the case of a resident decedent, where such property is not situated in the United States), losses incurred during the settlement of the estate arising from fires, storms, shipwreck, or other casualty, or from theft when such losses are not compensated for by insurance or otherwise, and such amounts reasonably required and actually expended for the support during the settlement of the estate of those dependent upon the decedent, as are allowed by the laws of the jurisdiction, whether within or without the United States, under which the estate is being administered, but not including any income taxes upon income received after the death of the decedent, or any estate, succession, legacy, or inheritance taxes ⅜ * *.
The laws of the State of New York, the jurisdiction in which this estate is being administered, provide for the allowance of executors’ commissions as follows (Sec. 285, Surrogate’s Court Act; L. 1920, ch. 928):
Commissions of ewecutor, administrator, guardian or testamentary trustee. On the settlement of the account of any executor, administrator, guardian or testamentary trustee, the surrogate must allow him his just, reasonable and necessary expenses actually paid by him, and if he be an attorney and counselor-at-law of this state, and shall have rendered legal services in connection with his official duties, such compensation for such legal services as shall appear to the surrogate to be just and reasonable; and in addition thereto the surrogate must allow to such executor, administrator, guardian of testamentary trustee for his services in such official capacity, and if there be more than one, apportion among them according to the services rendered by them respectively;
For receiving and paying out all sums of money not exceeding two thousand dollars, at the rate of five per centum.
For receiving and paying out any additional sums not amounting to more than twenty thousand dollars, at the rate of two and one-half per centum.

For receiving and paying out any additional sums not ewoecdmg twenty-eight thousand dollars at the rate of one and one-half per centum.

For all sums above fifty thousand dollars, at the rate of two per centum.
The value of any real or personal property, to be determined in such manner as the surrogate may direct, and the increment thereof, received, distributed or delivered, shall be considered as money in making computation of commissions. But this shall not apply in case of a specific legacy or devise.
* * ⅜ * * * *
If the gross value of the principal of the estate or fund accounted for amounts to one hundred thousand dollars or more, each executor, administrator, guardian or testamentary trustee is entitled to the full compensation on principal and income allowed herein to a sole executor, administrator, guardian or testamentary trustee, unless there are more than three, in which case the compensation to which three would be entitled must be apportioned among them according to the services rendered by them, respectively, * * *
*1015 The Surrogate’s Court of the County of New York, State of New York, appointed M. L. Loughman to fix the fair market value of the property of the decedent. In his report to the court Lough-man included in the deductions from gross income, for purposes of the New York transfer tax, commissions to the three executors in the amount of $520,183.50. This report was approved by the court and an order was entered assessing the transfer tax.
No claim has been filed by the executors for payment of the fees nor have any fees been paid. The • respondent contends that since no fees have been paid no deduction can be allowed for purposes of the estate tax under the Revenue Act of 1921. However, we find that the amount claimed by the petitioners as a deduction for executors’ fees is allowed by the law of New York, and this amount is deductible under section 403 (a) of the Revenue Act of 1921. See John A. Loetscher, et al., Executors, 14 B. T. A. 228, which follows Samuel E. A. Stern, 2 B. T. A. 102, and holds that in computing the net estate of a decedent subject to estate tax, deductions should be allowed for such charges as commissions, expenses and attorneys’ fees as will be ultimately allowed by the laws of the jurisdiction under which the estate is being administered, whether or not such amounts have been allowed by order of court or paid at the time of the hearing-before the Board.

The correct deficiency is $18,>648.81, the difference between the deficiency stated in the deficiency letter and the amount in controversy.